2130.9045B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

PETERSON TRACTOR COMPANY,                )     No. C 01-3503 SBA (JL)
                                         )
                Plaintiffs,              )
                                         )
vs.                                      )     ORDER ON REMAND
                                         )
THE TRAVELERS INDEMNITY                  )
COMPANY OF ILLINOIS,                     )
TRAVELERS PROPERTY                       )
CASUALTY INSURANCE                       )
COMPANY, and DOES 1 through 30,          )
inclusive,                               )
                                         )
                Defendants.              )
                                         )

This matter comes before the Court following remand from the 9th Circuit Court of

Appeal, and briefing by the parties including Plaintiff's and Defendant's Opening and Reply

Briefs following remand.  In accordance with the Memorandum Decision of the 9th Circuit

Court of Appeals in this matter, 9th Circuit case #04-15541, and having read and considered

the arguments presented by the parties in their papers, the evidence presented at the trial of

this matter, and being fully informed, the court has determined that the matter is suitable for

resolution without further oral argument.

The matter was remanded to this court in order to reallocate the settlement reached

between Plaintiff Peterson Tractor Company ("Peterson") and Kelly Tractor Company

between claims which were covered and uncovered under the policy of insurance issued by

Defendant Travelers Insurance Company of Illinois ("Travelers") to Peterson. This court is

guided by the decision of the 9th Circuit that Peterson must first bear the burden to show that

at least a portion of the settlement of the Peterson/Kelly action involved compensation for

1   damages attributable to claims that were covered by the insurance policy.  *See Peterson*

2   *Tractor Co. v. Travelers Indem. Co. of Illinois*, 156 Fed. Appx. 21, 24 (9th Cir. 2005). If the

3   court finds that Peterson satisfied this burden, then the burden shifts to Travelers to show

4   what portion of the settlement is attributable to covered claims.  *Id.*  If Travelers fails to

5   provide evidence that demonstrates which portion of the settlement is attributable to covered

6   claims, then the entire settlement is deemed to involve compensation for claims that were

7   covered by the insurance policy.  *Id.*

8        The court hereby provides the following findings of fact and reaches the conclusions

9   of law set forth below based upon the evidence presented at the trial of June 18, 2003, and in

10  order to address the limited issues to be addressed on remand:

11  **I.      FINDINGS OF FACT**

12       1.      The Complaint filed by Kelly Tractor Company against Peterson Tractor

13  Company (the "Kelly Complaint") alleges that Kelly directed Peterson to stop dealing

14  directly with Industria Meccanica Trivelle ("IMT"), stop using the IMT logo, and stop

15  holding itself out as an IMT dealer.  Kelly alleged that Peterson continued to engage in these

16  acts, causing Kelly significant damage.   (December 3, 2003 Findings of Fact and

17  Conclusions of Law ("FOF"), 4: 21-26.)

18       2.      Peterson ultimately settled the matter with Kelly on or about September 7,

19  2002.  (FOF, 6:2)

20       3.      Peterson did not attempt to attribute a percentage of the settlement amount to

21  any particular claim, and during the settlement discussions, the parties did not give more

22  weight to any claim over another.  Peterson did not allocate any specific portion of the

23  settlement amount to damages arising from its use of the IMT logo.  (FOF, 7:15-19)

24       4.      The settlement resolved all claims in the lawsuit, including claims that were

25  unrelated to the amount of profit Peterson gained by buying directly from IMT.  (FOF, p.6,

26  footnote 3.)

27       5.      The evidence presented at trial indicates that the settlement not only resolved

28  Peterson's liability for its use of the IMT logo, but it also resolved liability for Peterson's

1  direct purchases from IMT and Peterson's representation that it was the exclusive distributor

2  of IMT products, conduct which is not covered under the terms of the insurance contract.

3  (FOF, 13:12-16)

4      6.      The basis used for calculation of the settlement payment was independent of

5  the causes of action: "Peterson paid Kelly a 'service fee' equal to 5% of the invoice price

6  paid by Peterson for the purchase of IMT low overhead attachments purchased by Peterson

7  directly from IMT, which totaled $351,150.00.

8      7.      Travelers urges the Court to find that the monetary payment was a

9  disgorgement of profit.  The Court declines to make this finding.  While the amount of the

10  settlement was calculated based upon a "service fee", the testimony at trial revealed that this

11  method was used because it was a common fee in the industry and would therefore be

12  understandable to the parties.   . . . Accordingly, the Court declines to find that the settlement

13  amount was simply a disgorgement of profit."  (FOF, p. 6, footnote 3)

14      8.      It was Peterson's attorney, Gerald Smith's, assessment that the greatest

15  exposure for Peterson lay with the fourth, fifth, and sixth causes of action of the Kelly

16  lawsuit – for Common Law Unfair Competition, Unfair Competition and False and

17  Misleading Advertising in Violation of California Business and Professions Code, and

18  Common Law Trade Disparagement and defamation.  Mr. Smith believed these claims

19  presented a significant risk for Peterson because of Peterson's marketing, advertising and use

20  of the IMT logo.  Mr. Smith conveyed his assessment of the Kelly complaint to Peterson.

21  (FOF, 5:20-27)

22      9.      Mr. Smith testified that Peterson "involved itself heavily in advertising,

23  marketing, sales program that cause it to use all of the paraphernalia, all of the trademark

24  logo type of information that was available with respect to IMT in its sales activity."

25  (Reporter's Transcript of Proceedings, page 72, lines 4 through 9.)

26      10.      Mr. Smith further testified that "the information we had suggested that the

27  claims that were of the most significance were the claims that had to do with what the

28  company had itself done and knowing done, and that was the sales and the marketing, the

PROPOSED ORDER FOLLOWING REMAND
C 01-3503 SBA (JL)

1 | advertising, the use of the logo, all of these things it would be impossible for the company to

2 | be to deny they occurred." (Testimony of Gerald Smith, Reporter's Transcript of

3 | Proceedings, page 76, lines 18 through 25.)

4 |     11. The settlement of the Kelly claim resolved all claims in the lawsuit, including

5 | claims that were unrelated to the amount of profit Peterson gained by buying directly from

6 | IMT. (FOF, page 6, footnote 3.)

7 |     12. The settlement between Peterson and Kelly was reasonable, and not the result

8 | of fraud or collusion. (FOF, p. 8, line 10-11.)

9 |     13. Counsel for Kelly stated that Kelly had incurred substantial damage in

10 | connection with confusion in the marketplace that resulted from Peterson's wrongful use of

11 | the IMT logo, Peterson's marketing, and Peterson's representation as an exclusive dealer.

12 | (FOF, 7:8-10.)

13 |     14. Counsel for Kelly stated that Kelly had incurred substantial damage in

14 | connection with confusion in the marketplace that resulted from Peterson's wrongful use of

15 | the IMT logo, Peterson's marketing, and Peterson's representation as an exclusive dealer. . . .

16 | Kelly's counsel also highlighted the disparagement and defamation claims of the Kelly

17 | complaint. (FOF, 7:8-14)

18 |     15. The settlement amount was for both covered and uncovered claims. (FOF,

19 | 13:17)

20 |     16. Travelers offered no evidence that the settlement was divisible or could be

21 | allocated between covered and uncovered claims.

22 | **II.    CONCLUSIONS OF LAW**

23 |     1. Prior to trial, the Court ruled on summary judgment that Travelers had a duty

24 | to defend Peterson in the underlying lawsuit based on Peterson's alleged wrongful use of the

25 | IMT logo, and Travelers breached its duty to defend when it refused to defend Peterson in

26 | the Kelly action.

27 |     2. Travelers breached its duty to defend Peterson because the Kelly action stated

28 | an advertising injury, either as a misappropriation of Kelly's advertising ideas, or as

PROPOSED ORDER FOLLOWING REMAND
C 01-3503 SBA (JL)

1 infringement of title.  *See Peterson Tractor Co.*, 156 Fed. Appx. at 23.

2     3.    Peterson satisfied its burden of showing that a portion of the amount Peterson

3 paid to Kelly in the settlement involved compensation for damages attributable to claims that

4 were covered by the policy.

5     4.    Travelers offered no evidence that would allow this court to allocate the

6 settlement amount between covered and uncovered claims.

7 **III.   CONCLUSION**

8     Based upon the above findings of fact and conclusions of law,

9     THE COURT HEREBY CONCLUDES that Plaintiff has shown that at least a portion

10 of the $351,150.00 settlement with Kelly involved damages attributable to claims covered

11 under the policy.

12     THE COURT HEREBY CONCLUDES that Defendant's failure to present evidence

13 to allocate the settlement between claims that were covered or not requires that Plaintiff is

14 entitled to recover the full $351,150.00, plus pre-judgment interest at the rate of 10% per

15 annum from the date of the settlement, which is a date not later than September 7, 2002.  *See*

16 *Peterson Tractor Co.*, 156 Fed. Appx. at 24 (citing *Hogan v. Midland Nat'l Ins. Co.*, 3

17 Cal.3d 553 (1970)).

18     IT IS SO ORDERED.

19 DATED:4/5/06

20

21     By: _____

22         SAUNDRA BROWN ARMSTRONG
        United States District Judge

23

24

25

26

27

28

PROPOSED ORDER FOLLOWING REMAND
C 01-3503 SBA (JL)

5